IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARONTE Y. KERNEY,

        Plaintiff,

    v.

WASHINGTON COUNTY JAIL,

        Defendant.

Case No. 3:20-cv-01936-SI

ORDER TO DISMISS

SIMON, District Judge.

    Plaintiff, an inmate at the Washington County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## **BACKGROUND**

    Plaintiff alleges that Sheriff's Deputy Barnes referred to him using a racial epithet. He asserts that when he complained

1 - ORDER TO DISMISS

to Sheriff's Deputy Siemiller, Deputy Siemiller told him not to "pull some Black Lives Matter shit." Complaint (#2), p. 4. Plaintiff claims that these interactions caused him to suffer emotional distress and asks the Court to award him $500,000 in damages.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v.*

2 - ORDER TO DISMISS

*Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

As an initial matter, Plaintiff names Washington County as the sole Defendant in the caption of his Complaint. Although it appears from the body of his pleading that he principally wishes to bring suit against Deputies Barnes and Siemiller, he has not done so where he omits them from the caption of his Complaint. *See* Fed. R. Civ. P. 10(a).

As to Defendant Washington County, in order to state a valid claim for pleading purposes Plaintiff must plead facts that would establish municipal liability. In this regard, his Complaint must demonstrate that the deprivation of his federal rights occurred as a result of an official policy or custom, *see Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978), or that the municipality ratified the unlawful conduct, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Plaintiff makes no such allegations here, and the mere

fact that Washington County employs the Sheriff's Deputies about whom he complains is insufficient to establish municipal liability.

Even assuming Plaintiff had named Deputies Barnes and Siemiller as Defendants to this action, his allegations do not state a cognizable claim for pleading purposes. Verbal abuse by a prison or jail official does not amount to a constitutional violation. *Oltarzerski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even racially motivated verbal harassment does not state a claim. *Hoptowit v. Ray*, 682 F.3d 1237, 1252 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995). For all of these reasons, Plaintiff fails to state a claim upon which relief may be granted.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should he wish to continue with this case, Plaintiff must file an amended complaint within 30 days that: (1) cures the deficiencies with his original Complaint; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the deprivation of a federal right; (4) does not incorporate any prior document by

reference; and (5) is on the form provided by the Court. Plaintiff's failure to do so will result in the dismissal of this case with prejudice. In lieu of an Amended Complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

The Clerk of Court is directed to send Plaintiff a 42 U.S.C. § 1983 complaint form for his use.

IT IS SO ORDERED.

DATED this 11th day of December, 2020.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

5 - ORDER TO DISMISS